## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

JOSEPH TATE, individually, and on behalf of persons similarly situated;

     Plaintiff,

  vs.

KELLOGG, BROWN, AND ROOT LLC; AND TECHNICAL STAFFING RESOURCES, LLC;

     Defendants.

Case No.: _____

COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Joseph Tate ("Tate"), individually and on behalf of all others similarly situated, brings this action and alleges as follows:

### NATURE OF THE ACTION

**1.** This is a collective action brought by Joseph "Tyler" Tate, on behalf of all similarly situated former and current employees of Kellogg, Brown, and Root LLC ("KBR"); and Technical Staffing Resources, LLC; ("TSR"), who worked for KBR or TSR in Louisiana within the past three years and were paid straight time for hours worked past forty in a workweek.

**2.** Defendants engaged in unlawful practices of denying earned overtime to its employees by failing to pay the full overtime rate for hours worked past forty in a workweek. These practices violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

### PARTIES

**3.** Tate is an individual of the full age of majority, and a resident of Louisiana.  He

began working for KBR in December 2024.  Tate is employed by KBR at the Venture Global LNG facility in Plaquemines Parish, Louisiana.

4.    Named a defendant herein is Kellogg, Brown, and Root LLC, a Delaware limited liability company with its principal place of business at 601 Jefferson Street, Houston, Texas.  Its registered office in Louisiana is located at 3867 Plaza Tower Drive, Baton Rouge, La.

5.    Named a defendant herein is Technical Staffing Resources, LLC a Delaware limited liability company with its principal place of business at 601 Jefferson Street, Houston, Texas.  Its registered office in Louisiana is located at 3867 Plaza Tower Drive, Baton Rouge, La.

6.    On information and belief, TSR is a wholly owned subsidiary of Kellogg, Brown, and Root LLC, through an intermediary company named "BE&K, Inc."

7.    On information and belief, the ultimate parent company of both Defendants is KBR, Inc., a publicly traded Delaware corporation which is not registered to do business in Louisiana.

8.    TSR and KBR share the same timekeeping and payroll systems, and both operate under the same pay and overtime practices.

## JURISDICTION AND VENUE

9.    The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10.    Venue is proper in this Court because Defendants do business in the state of Louisiana, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

11.    Plaintiff hereby demands trial by jury.

12.    At all material times, Tate and the FLSA Collective Plaintiffs were the "employees" of Defendants within the meaning of the FLSA.

13.    At all material times, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA.

14.    Each defendant's annual sales made or business done exceeded $500,000 during all years relevant to this action.

15.    Each defendant is engaged in interstate commerce pursuant to 29 U.S.C. § 203(s).

16.    TSR, as a wholly owned subsidiary, is subject to KBR's control, and the companies share the same payroll and timekeeping systems.  Both companies operate under the same overtime policies and practices and constitute an enterprise under 29 U.S.C. § 203(r).

## FACTUAL ALLEGATIONS

17.    Tate is a current employee of KBR whose job title is "Permit Coordinator."  He has worked for KBR at the Venture Global site since December 2024.

18.    Tate generally works from 55 hours to 84 hours per workweek.

19.    For example, in the workweek ending February 28, 2025, Tate worked 81 hours.  In the workweek ending April 4, 2025, he worked 80 hours.  Based on the time and pay records currently available to Plaintiffs, Tate has worked a minimum of 339 hours of overtime in 2025, year to date.

20.    Tate's pay rate is $63.00 per hour worked.

21.    Tate is not paid an overtime premium for hours after 40 in a workweek. Instead, those hours are paid at the same rate of $63.00 per hour, with the annotation of "OT @ 1.0."

22.     Tate has worked over 40 hours for nearly every workweek since he began working, with the exception of holiday weeks or weeks when he has taken PTO.

23.     Tate has never received any time and a half overtime premium pay from Defendants.

24.     Additional plaintiffs to this action include Christopher Deville, Michael Williamson, Charles Smith, Colt Stone, Jason Spillers, Peyton Looy, and Nicholas Byley. (the "Opt-In Plaintiffs.")

25.     Christopher Deville is a KBR employee who has worked at the Venture Global site since September 2024, at a rate of $68.00 per hour.  He is subject to the same pay schemes and non-payment of overtime as Tate.

26.     Michael Williamson is a KBR employee who has worked at the Venture Global site since October 2024 at a rate of $73.00 per hour.  He is subject to the same pay schemes and non-payment of overtime as Tate.

27.     Charles Smith is a TSR employee who worked at the Venture Global site from July 2024 until March 2025, at a rate of $70.00 per hour.  He was subject to the same pay schemes and non-payment of overtime as Tate.

28.     Colt Stone is a KBR employee who has worked at the Venture Global site since November 2024 at a rate of $60.00 per hour.  He is subject to the same pay schemes and non-payment of overtime as Tate.

29.     Jason Spillers is a KBR employee who has worked at the Venture Global site since August 2024 at a rate of $68.00 per hour.  He is subject to the same pay schemes and non-payment of overtime as Tate.

30.     Peyton Looy is a TSR employee who has worked at the Venture Global site since August 2024 at a rate of $75.00 per hour.  He is subject to the same pay schemes and

non-payment of overtime as Tate.

31.     Nicholas Byley is a KBR employee who has worked at the Venture Global site since January 2025 at a rate of $72.00 per hour.  He is subject to the same pay schemes and non-payment of overtime as Tate.

32.     Each of these Opt-In Plaintiffs have likewise worked significant numbers of overtime hours during their time with KBR or TSR, but have not been paid an overtime premium for any of those hours.

33.     On information and belief, Defendants do not adequately train and manage its supervisors, managers, and Human Resources personnel to avoid violations of the FLSA.

34.      On information and belief, this lack of management, supervision, and training includes a lack of consequences for those who break the law under the FLSA.

35.     On information and belief, Defendants have a pattern or practice of violating the FLSA by failing to properly pay for all hours the employees work.

## COUNT ONE

## FAIR LABOR STANDARDS ACT

36.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37.     The FLSA requires employers to pay employees who work over forty hours in a workweek overtime compensation "not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1).

38.     "Regular rate" is defined as including "all remuneration paid to, or on behalf of, the employee," subject to eight discrete statutory exceptions.  29 U.S.C. § 207(e)(1) – (8).

39.     Defendants violated the FLSA by failing to pay Plaintiff and the FLSA Collective Plaintiffs the legally mandated hourly overtime premium based on their full statutory regular rate for all hours worked over forty in a workweek.

**40.**    Defendants' failure to pay federally-mandated overtime is the result of a deliberate scheme whereby Defendants sought to avoid or reduce paying overtime.

**41.**    Plaintiff and the FLSA Collective Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours for each workweek.

**42.**    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate the FLSA Collective Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when Defendants knew, or should have known, such payment was due.

**43.**    Defendants have failed to properly disclose or apprise the FLSA Collective Plaintiffs of their rights under the FLSA.  This constituted a willful effort to hide the statutory violations set forth herein.

**44.**    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Plaintiffs further seek recovery of liquidated damages.

**45.**    Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COLLECTIVE ACTION ALLEGATIONS

**46.**    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

**47.**    Tate brings this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendants. The Collective is defined as:

> All employees of Kellogg, Brown, and Root LLC or Technical Staffing Resources, LLC; working at any Venture Global location within the state of Louisiana, who are or have been paid straight time for hours after 40 in a workweek within the three years prior to the date of filing of this Complaint.

48.    There are numerous members of the FLSA Collective who have been affected by Defendants' improper policies and practices as alleged herein.

49.    The precise number of FLSA Collective Plaintiffs can be readily identified and located using Defendants' timesheets, payroll, and personnel records. Given the composition and size of the FLSA Collective, potential opt-in plaintiffs may be informed of this Collective Action by direct mail, text message, and email.

50.    This action is properly maintained as a collective action because Tate is similarly situated to the collective action members, who were subject to the same uniform overtime policies, payment practices, and operational procedures.  Defendants' willful policy or practice of failing to pay employees proper wages and overtime compensation has affected Tate and similarly situated employees in the same fashion.

51.    Plaintiff seeks expedited discovery and hearing on the collective action issues alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph Tate, on behalf of himself, the Opt-In Plaintiffs, and the FLSA Collective Plaintiffs, respectfully prays for judgment against Defendants as follows:

a. Certification as a collective action and prompt notice to similarly situated employees;

b. Payment of all unpaid overtime wages;

c. Liquidated damages and monetary penalties to the fullest extent permitted under the law;

d. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law;

e. In the event that Plaintiffs do not recover liquidated damages, an

award of prejudgment interest as a lesser alternative to liquidated damages.

f.  Such other and further legal or equitable relief as may be proper under the record established at trial.

DATED: April 7, 2025

DR

**/s Charles J. Stiegler**
_____

Charles J. Stiegler,  #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
Telephone: (504) 267-0777
Facsimile:  (504) 513-3084
Charles@StieglerLawFirm.com

and

Robert B. Landry III  (#18998)
ROBERT B. LANDRY III, PLC
5420 Corporate Blvd., Suite 303
Baton Rouge, Louisiana  70808
Telephone: (225) 349-7460
Facsimile:  (225) 349-7466
rlandry@landryfirm.com